Steel *vs.* Worthington.

STEEL *VS* WORTHINGTON.

1. In an action of detinue, for the recovery of a slave bought by plaintiff at a constable's sale, but which was afterwards sold by the defendant in the execution, to the defendant in detinue, —evidence of general notoriety, that the slave had been purchased at the constable's sale by the plaintff, when offered to raise a presumption of a knowledge of plaintiff's claim to the slave, on the part of defendant in detinue, is not admissible.

2. But in such an action, the bill of sale of the slave, executed by the constable to the purchaser, is admissible, as conducing to prove a title in the plaintiff, and as evidence to prove the *factum* of the sale; and it is not necessary to the introduction of such evidence, that it should be made to appear, that a judgment and execution had been obtained against the defendant in the execution, whose property was sold.

Error to the Circuit court of Jefferson county.

Detinue for the recovery of a slave. Plaintiff declared against defendant, of a plea that he render to him a certain negro slave named Lawson, the property of plaintiff, and which defendant unjustly detained,&c.— *to which* defendant plead—

1. *Non detinet;*

2. *Non detinet infra sex annos;*

3. *Actio non accrevit infra sex annos.*

Upon the issues, thus framed, there was a verdict for defendant.

The bill of exceptions stated, that on the trial, plaintiff proved the execution of a regular bill of sale, under seal, made by a constable of the county, to the plaintiff, as purchaser of the slave in controversy, at a public sale by

said constable, pursuant to statute. in the discharge of his official duties by virtue of sundry executions from a justice of the peace of said county against one Reid, under whom defendant also claimed by subsequent purchase; and offered the same thus proved, in evidence, as conducing to shew title in himself to said slave, which evidence, the court, upon the motion of the defendant, excluded from the jury; and the plaintiff excepted.

In the further progress of said trial, the plaintiff proved possession of the sa d slave in himself, for five or six days, a short time previous to the commencement of the present suit, that the said slave went to town (where defendant and said Reid both resided,) by permission of plaintiff's overseers, with instructions to return home in a seasonable time, which he failed to do. It also appeared in evidence, that about the time the said slave went to town, as aforesaid, he went into the possession of said Reid, who sold and conveyed him soon after to the defendant.

At this stage of the case, the plaintiff, for the purpose of raising a presumption of notice to defendant, of plaintiff's claim to said slave, offered to prove a general notoriety in the town, that plaintiff was the owner of said slave, before and at the time of said sale, by Reid to the defendant; which evidence, the court, on motion of defendant, excluded from the jury, and the plaintiff excepted.

And at the present term, plaintiff assigned for error, that—

The court below rejected the evidence offered by the plaintiff, as shewn in the bill of exceptions.

Steel *vs.* Worthington.

*Crabb & Capers*, for the plaintiff in error.
*Peck & Clark*, contra.

GOLDTHWAITE, J.—At the trial of this cause, in the Circuit court, the plaintiff offered in evidence, and proved the execution of a bill of sale for the slave in controversy. The bill of sale is stated to have been regular, made by a constable to the plaintiff, as purchaser of the slave, at a public slale, pursuant to law, in the discharge of his official duties, by virtue of sundry executions from a justice of the peace, against one Reid, under whom the defendant also claimed by subsequent purchase. The court excluded this bill of sale, but its reason for so doing is not stated.

That this evidence was proper to be admitted as conducing to prove a title in the plaintiff, cannot, we think, be denied, without violating the rules of law. So far as this evidence tended to prove the *factum* of a sale by the the constable, it was certainly as regular and proper to be admitted, as the declaration of witnesses to the same fact. *The legal effect* of this act of sale, is not the question which appears to have been decided by the court; and if the case turned on this point, it should so appear on the record. It was not necessary, to the introduction of this evidence, that it should first be made to appear that a judgment and execution had been obtained against Reid, for there were many other cases, in which the mere *factum* of a sale would be properly in evidence. As if after a sale had been made by a constable without color of authority, the person whose property had been sold, was to ratify the act, or receive the money arising from

Steel *vs.* Worthington.

the sale, knowing of the purchase payment of another. These cases are mere illustrations, to shew, that the bill of sale might properly be admitted in evidence, in cases where no judgment or execution existed. We do not undertake now to determine, that cases may not exist where it would be proper for a court to disembarrass the questions before a jury, by the exclusion of a paper title, which was not regularly deduced, and which could be evidence for no purpose ; but even in such cases, it should clearly appear that the evidence could have no bearing on the case before the jury.

The evidence excluded by the court below, might have had no effect on the rights of the parties, and if so, the court should have charged on this point, but it should not have been rejected or excluded without distinctly shewing the reason for its exclusion.

The question as to the rejection of evidence of general notoriety, was rightly determined by the Circuit court. General notoriety, public rumor, general reputation, etc. etc. are too uncertain to have any legal effect whatever, in the determination of the rights of individuals ; and the cases in which hearsay evidence is proper to be admitted, are clearly defined and laid down in the books. This is not such a case as authorised the introduction of this species of evidence.

The judgment of the Circuit court is reversed, and the cause remanded.